UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                  Case No. 18-cr-20151
                                  Hon. Matthew F. Leitman

KEYONNA SNELL,

    Defendant.

_____/

**ORDER TO SUPPLEMENT MOTION
FOR COMPASSIONATE RELEASE (ECF No. 420)**

On May 30, 2018, Defendant Keyonna Snell pleaded guilty in this Court to one count of wire fraud conspiracy in violation of 18 U.S.C. § 1349. (*See* Rule 11 Plea Agmt., ECF No. 176.) The Court subsequently sentenced Snell to 71 months imprisonment to be served concurrent to an undischarged term of imprisonment in state court. (*See* Judgment, ECF No. 256, PageID.729.) Snell is currently serving her concurrent sentences in a state prison in Ohio.

On October 7, 2020, Snell sent a letter to this Court in which she asked for release from custody due, in part, to the ongoing COVID-19 pandemic and the risk it poses to the caregiver for her children (Snell's mother). (*See* Ltr., ECF No. 420.) The Court will construe Snell's letter as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Under Section 3582(c)(1)(A), a defendant may not

1

file a motion for compassionate release until "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." The exhaustion requirement in Section 3582(c)(1)(A) is "mandatory" and is not subject to any "judge-made exceptions." *United States v. Alam*, 960 F.3d 831, 833–36 (6th Cir. 2020).

Snell has not given the Court enough information to determine whether she has satisfied this exhaustion requirement. Therefore, the Court **DIRECTS** Snell to file a supplement to her motion that informs the Court whether he has submitted a written request for compassionate release to the federal Bureau of Prisons (the "BOP") official having jurisdiction over her sentence. If Snell has submitted a written request for compassionate release to that official, then Snell shall also inform the Court of the date on which she submitted the request, whether the official responded to the request, and the date of the official's response (if any). (When federal inmates are in custody at a BOP facility, the request for release is directed to the warden of the facility. The Court is unsure as to exactly whom Snell should direct her request since she is in custody in a state facility (on the concurrent state sentence), and the Court leaves it to Snell to identify the correct federal BOP official.)

If either (1) Snell has not submitted a request for compassionate release to the correct BOP official, or (2) Snell has submitted such a request but 30 days have not lapsed since the official received her request, then the Court will dismiss her current motion (ECF No. 420) without prejudice. In that event, Snell would be permitted to file a motion seeking compassionate release upon exhausting her remedies with the official.

Additionally, Snell has not given the Court enough information to determine whether she is otherwise qualified for compassionate release. For example, Snell has not explained how she satisfies the factors under 18 U.S.C. § 3553(a). Accordingly, the Court **DIRECTS** Snell to use her supplement to inform the Court why she believes that she qualifies for compassionate release. She should also explain how she would gain release if the Court did grant her motion. Since she is serving a concurrent state sentence, it is not clear that a grant of compassionate release from this Court would result in her discharge from custody.

   **IT IS SO ORDERED**.

                               s/Matthew F. Leitman
                               MATTHEW F. LEITMAN
                               UNITED STATES DISTRICT JUDGE


Dated:  October 23, 2020

4

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 23, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(810) 341-9761
